UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAMANTHA ROBERTSON,

        Plaintiff,                      COMPLAINT

v.                                   JURY TRIAL DEMANDED

CAPITAL MANAGEMENT SERVICES, LP,

        Defendant.

12 CV 4860

JUDGE BRICCETTI

## INTRODUCTION

1. This is an action for money damages and declaratory judgment, brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter "FDCPA").

2. Specifically, this action relates to Defendant's illegal and abusive attempts to collect a debt by (1) making phone calls to the Plaintiff at a time and to a place that is inconvenient and embarrassing to her; (2) continuing to make such calls even after being advised that the calls were inconvenient and embarrassing; and (3) calling third parties and asking intrusive and embarrassing questions about the Plaintiff, in violation of the law

## JURISDICTION AND VENUE

3. Jurisdiction is conferred by 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

4. Venue in this District is proper because the Plaintiff's residence is in this district and the events underlying the cause of action herein occurred in this district.

## PARTIES

5. Plaintiff, Samantha Robertson (hereinafter, "Ms. Robertson" or "Plaintiff") is a natural person who currently resides in Westchester County, in the State of New York.

6. Ms. Robertson is a consumer as defined by 15 U.S.C. § 1692a(3).

7    Defendant Capital Management Services, L.P. (hereinafter "CMS" or "Defendant") is a New York limited partnership engaged in the collection of debts in New York State with a principal place of business at 726 Exchange Street, Buffalo NY 14210.

8    Defendant CMS has as one of its principal purposes the collection of debts, and it regularly attempts to collect debts alleged to be due another. On the website for CMS, CMS describes itself as a "nationally licensed and recognized collections agency, providing the highest level of delinquent receivables resolution."

9    CMS is a debt collector as defined by 15 U.S.C. § 1692a(6).

## FACTS

10    A debt collector began making phone calls in or about June of 2011 to Ms. Robertson's workplace.

11    These multiple phone calls were being received on a phone line that was not in Ms. Robertson's private office, nor was it a phone set aside for her exclusive use. Instead, the calls were being made to what the office called a "pit phone," shared by many different employees.

12    These phone calls were being made to a phone which was restricted by the employer to business-related calls.

13    Both Ms. Robertson and her co-workers requested that the caller(s) cease and desist, but the calls continued, with the caller(s) asking Ms. Robertson's co-workers for personal information about her, causing her embarrassment and humiliation and disrupting her workplace.

14    In or about July of 2011, Ms. Robertson sought the assistance of her employer's security office, asking a security officer to intervene on her behalf to persuade the caller(s) to stop calling.

15    Involving the security office was embarrassing, humiliating, and upsetting to Ms. Robertson.

16    Upon information and belief, CMS was responsible for these multiple calls to Ms. Robertson's workplace.

17    Thereafter, Ms. Robertson's grandfather began to receive calls from a debt collector, looking for Ms. Robertson. Her grandfather told the caller(s) that Ms. Robertson did not live there and could not be contacted through his telephone number. He asked that the caller(s) cease calling him and made it clear that future calls would not yield useful information. Nonetheless, the calls continued.

18  Upon information and belief, CMS was responsible for these multiple calls to Ms. Robertson's grandfather.

19  Thereafter, Ms. Robertson's friend began to receive calls from a debt collector looking for Ms. Robertson. These calls were made to his cell phone. Her friend told the caller(s) that Ms. Robertson could not be contacted through his telephone number. He asked that the caller(s) cease calling him and made it clear that future calls would not yield useful information. Nonetheless, the calls continued.

20  Upon information and belief, CMS was responsible for these multiple calls to Ms. Robertson's friend.

21  Thereafter, Ms. Robertson's future father-in-law received a call from a debt collector, looking for Ms. Robertson and asking intrusive questions about her, including inquiring into her marital status.

22  Ms. Robertson's future father-in-law obtained a call-back number from the debt collector, and, upon calling that number, Ms. Robertson ascertained that the call had been made by Defendant CMS.

## CAUSE OF ACTION

Violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq.

23  Plaintiff repeats and re-alleges and incorporates by reference the foregoing paragraphs. By undertaking the above referenced collection activities, Defendant CMS violated 15 U.S.C. § 1692 et seq.

24  Specifically and without limitation, Defendant CMS violated the FDCPA by:

   i)   Communicating with Ms. Robertson at her place of employment, even though the Defendant knew or had reason to know that Ms. Robertson's employer prohibited her from receiving such personal calls on the work phone in question, in violation of §1692c(a)(3);

   ii)  Communicating with Ms. Robertson at a place known to be inconvenient to the consumer, in violation of §1692c(a)(2);

   iii) Communicating with third parties in an attempt to discover information beyond mere location information, in violation of §1692c(b)

   iv)  Communicating with third parties more than once, in violation of §1692b(3)

   v)   Engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person, in violation of 15 U.S.C. §§1692d

   vi)  Engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, in violation of 1692d(5)

3

25    CMS's actions, as described herein, are not an isolated instance of misconduct. Rather, CMS routinely makes telephone contacts in violation of §1692.

26    As a result of these violations of the FDCPA, Ms. Robertson has suffered actual damages, including, without limitation:

    i)    Humiliation, embarrassment, stress, anxiety, and upset;

    ii)    Legal fees and costs

27    As a result of these violations, Ms. Robertson is entitled to statutory damages of up to $1,000.00, actual damages, and attorney's fees and costs.

WHEREFORE plaintiff respectfully requests that this Court award:

    i)    Declaratory Judgment that Defendant CMS's conduct violated the FDCPA;

    ii)    Actual damages;

    iii)    Statutory damages;

    iv)    Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k; and

    v)    Such other and further relief as law or equity may provide.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury.

Dated: June 15, 2012
Pleasantville, New York

Respectfully Submitted,

*Elizabeth Shollenberger*
Elizabeth A. Shollenberger(EAS8989)
Attorney for Plaintiff
Schlanger & Schlanger, L.L.P.
343 Manville Road
Pleasantville, NY 10570
Telephone: 914-946-1981, ext. 103
Facsimile: 914-946-2930
Email: eshollenberger@schlangerlegal.com

4